IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDDIE JACKSON                                                                                              PETITIONER

V.                                                                                                     NO. 2:11CV022-M-A

EMMITT SPARKMAN, et al.                                                                       RESPONDENTS

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Eddie Jackson, inmate number L5266 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Jackson was convicted of murder and aggravated assault in the Circuit Court of Bolivar County, Mississippi. He was sentenced to life imprisonment. On June 27, 2006, the Mississippi Court of Appeals affirmed Jackson's conviction and sentence. *See Jackson v. State*, 943 So. 2d 720 (Miss. App. 2006). His motion for rehearing was denied on December 5, 2006. Following the denial of his appeal, Jackson failed to seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). Much later, he filed a motion for leave to seek post-conviction relief with the State Supreme Court on July 26, 2010. The Supreme Court denied the motion as untimely on September 1, 2010. Jackson, thereafter, filed this federal habeas petition on January 24, 2011.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to seek a writ of certiorari. M.R.A.P. 40(a). Since Jackson failed to pursue a petition for certiorari, the appeals process was stopped. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001). Thus, Jackson's conviction became final fourteen days after the Court of Appeals denied his motion for rehearing on December 5, 2006. In the absence of any further review, Jackson's sentence and conviction became final on December 19, 2006, the date on which his time for seeking further review in state court expired.

Jackson, therefore, had one-year or until December 19, 2007, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Jackson did file a petition for post-conviction relief in the Mississippi Supreme Court on July 26, 2010. The state petition, however, was not filed on or before December 19, 2007, and he, therefore, may not take advantage of the AEDPA's tolling provision. *See Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). (the period is tolled for the length of time the motion is pending).

To be timely, Jackson's federal habeas petition must have been filed by December 19, 2007. Jackson, however, did not file this petition until January 24, 2011, when he presumably delivered it to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed approximately 1132 days beyond the expiration of the one-year limitations period.

In response to the motion to dismiss, Jackson argues that his petition is timely because the State allows three years to file a motion for post-conviction review. The argument is inconsistent with the AEDPA and precedent as discussed in detail *supra*. Next, Jackson argues that new evidence is available which was unknown to him previously. He specifically claims that he has newly discovered evidence in the form of "recanted testimony." Jackson refers to the "affidavit of Debrah G. Walker" a juror at his trial. Apparently the juror was concerned about Jackson representing himself and has "testified" that Jackson needed help. Importantly, no such affidavit has been presented to the court. More importantly, this is insufficient to take advantage of the "factual predicate" exception under the AEDPA.

The petition is untimely unless the doctrine of equitable tolling can be applied. Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Iwrin v. Dept. of veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 4335 (1990). The Fifth Circuit has held that the statue of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The doctrine is practically limited to circumstances in which the plaintiff has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). The Supreme Court requires a habeas petitioner to show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 294 (2007). The petitioner bears the

3

burden of demonstrating equitable tolling is warranted. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007).

Jackson has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. For all of the foregoing reasons, the petition is untimely and will be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 11th day of August, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**